MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

LAURIE K. GRAY (MNBN 0153618)
KIMBERLY HOPKINS (MABN 668608)
ANDREW M. SCOBLE (CABN 124940)

Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6557/6991/7249
    Fax: (415) 436-7234
    Laurie.Kloster.Gray@usdoj.gov
    Kimberly.Hopkins@usdoj.gov
    Andrew.Scoble@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-0120-EMC |
| Plaintiff, | UNITED STATES' AMENDED SENTENCING MEMORANDUM |
| v. | Hrg.: July 21, 2015 |
| ALBERTO TORRES, | Time: 10:00 a.m. |
| Defendant. | Courtroom: Five (17th Floor) |

    The government files this Amended Sentencing Memorandum to replace the earlier-filed memorandum with respect to defendant Alberto Torres, which contained an incorrect advisory guidelines range that failed to take account of U.S.S.G. § 4B1.1(c)(2)(A). The government apologizes for this inconvenience. The error does not in any way affect the government's recommendation or the reasons for it. The government stands by the parties' jointly recommended, binding sentence of 168 months' imprisonment.

GOVT. AMENDED SENT. MEMO. (TORRES)     1
[CR 14-0120 EMC]

The government files this Sentencing Memorandum in anticipation of the July 21, 2015 sentencing of defendant Alberto Torres. The defendant has pleaded guilty to five counts of the superseding indictment, pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The binding plea agreement is part of a linked "package" resolution involving eight other defendants in the case. As the parties memorialized in their written plea agreement (at Paragraph 8), a key consideration for the government is the resolution of one entire trial group and part of a second trial group, with the resulting delayed disclosure of sensitive identifying information for cooperators, victims and civilian witnesses.

The government has no objections to the Presentence Report ("PSR"). This includes the guidelines calculations pertaining to Counts 8 and 9 (Assault with a Dangerous Weapon), as to which the written plea agreement omitted the increases under U.S.S.G. § 2A2.2(b). The resulting total offense level, however, remains unaffected, pursuant to the Career Offender guidelines (*see* Plea Agreement Para. 7). With the reduction in CHC recommended by the PSR (down to CHC V), the government believes that the resulting advisory guidelines range (V, 34) is 295-353 (in light of U.S.S.G. § 4B1.1(c)(2)(A)). Nonetheless, the government firmly believes that a sentence of 168 months' imprisonment is fair and appropriate for this defendant, and is no greater than necessary to achieve the ends of justice in this case.

Although the PSR and the parties' written agreement take a different path, both arrive at the same sentencing recommendation – 168 months' imprisonment. The sentence set forth in the binding plea agreement represents the culmination of protracted negotiation and deliberation, including an effort to arrive at a sentence for this defendant which both reflects his individual sentencing factors under 18 U.S.C. § 3553(a) and avoids unwarranted sentencing disparity with the other eight codefendants who are resolving their cases simultaneously. The government will not repeat the various competing considerations which are discussed at length in the extremely thorough and thoughtful PSR – including the need for deterrence and protection of the community from violence acts that continued until close to the defendant's arrest. The government believes that a proper balancing of the various circumstances in aggravation and mitigation supports the parties' joint, binding recommendation of a sentence of 168 months' imprisonment. The proposed sentence is not greater than necessary to achieve the ends of

justice in this case. It also preserves proportionality with the sentences as proposed for the other defendants, including the proposed sentence of 132 months for codefendant Michael Viera (who has entered guilty pleas to the same counts as the instant defendant, but whose known criminal history is less).

For all of those reasons, and pursuant to the written Plea Agreement, the government respectfully requests that the Court sentence Alberto Torres to a total sentence of 168 months, as set forth in the PSR's Sentencing Recommendation; a total term of five years of supervised release (with all the terms and conditions set forth in the PSR); no criminal fine (based upon a finding of inability to pay a criminal fine); and a $500 special assessment. The conditions of supervised release should include the following expanded search condition, to which the defendant agreed (*see* Plea Agreement Para. 10):

> The defendant shall submit his person, residence, office, vehicle, or any property under his control to search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

At sentencing, the government will move to dismiss Count Two of the pending superseding indictment.

DATED: July 14, 2015  MELINDA HAAG
United States Attorney

/s/
By: _____
LAURIE K. GRAY
KIMBERLY HOPKINS
ANDREW M. SCOBLE
Assistant United States Attorneys